RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
1/30/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD C. JACKSON,<br>　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 14-CV-00396 |
| VERSUS | |
| N. BURL CAIN, et al.,<br>　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Edward C. Jackson ("Jackson") on January 13, 2014 (Docs. 1, 6).[1] Jackson is attacking his 2006 convictions and sentences, by a judge in the Louisiana Ninth Judicial District Court in Rapides Parish, on one count of armed robbery and one count of felon in possession of a firearm (Doc. 21, p. 26/50, pp. 14-15/28). Jackson was sentenced to ninety-nine years imprisonment as a fourth felony offender (Doc. 23, p. 295). Jackson is presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.

Jackson raises the following grounds for relief in his habeas petition:

> 1. Jackson'S Sixth and Fourteenth Amendment rights were violated when the prosecutor knowingly allowed perjured testimony from Williams to go uncorrected.

---

[1] Jackson initially filed his petition in the Middle District of Louisiana (Doc. 1); it was transferred to the Western District of Louisiana on February 11, 2014 (Doc. 2).

2. Jackson had ineffective assistance of counsel when counsel failed to ensure that Jackson received a fair trial. Specifically, trial counsel failed to: (1) interview Williams concerning the alleged robbery, which would have revealed Jackson did not rob Williams, (2) perform a criminal history check of Williams which would have revealed Williams had a lengthy criminal history, and (3) investigate Williams' mental history, which would have revealed Williams had been diagnosed with schizophrenia.

3. It was error patent to try Jackson by a bench trial without a contemporaneous record setting forth an articulated appraisal of his right to a jury trial followed by a knowing and intelligent waiver by Jackson.

4. The trial judge erred in failing to consider Jackson's motion for new trial due its untimeliness.

5. The evidence was insufficient to convict Jackson of either armed robbery or possession of a firearm by a convicted felon.

6. Jackson's application for post-conviction relief was denied without a hearing by both the trial court and the court of appeal, in violation of his right to due process.

The Respondent answered the petition and argues that Jackson has not exhausted his state court remedies (Doc. 19), to which Jackson responded (Doc. 37).

## Law and Analysis

### Exhaustion

The Respondent contends Jackson failed to exhaust his state court remedies. Jackson argues the Respondent did not specify which claims are not exhausted and therefore has waived this defense. Although, under 28 U.S.C. § 2254(b), the State may *expressly* waive the exhaustion requirement, in the case at bar the

State has clearly raised the exhaustion requirement as a defense.

The exhaustion of state remedies doctrine, codified in the federal habeas statute, 28 U.S.C. §2254, reflects a policy of federal-state comity. Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 1621-22 (1998), citing Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). A federal habeas corpus petitioner must have provided **all** state courts that could review the matter with a fair opportunity to review the substance of **all** of his federal habeas claims before a federal court will review the claims. The mere fact that a federal petitioners' case has been through the state courts is not enough. A federal petitioner must have presented the state courts with the same claims he urges upon the federal courts. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2554 (1991); Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982); Picard, 404 U.S. at 275-276, 92 S.Ct. at 512; Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

Because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, a district court must dismiss habeas petitions containing both unexhausted and exhausted claims. Stewart, 118 S.Ct. at 1622, citing Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205 (1982). See also, 28 U.S.C. § 2254, Rule 4; Coleman, 501 U.S. at 73, 111 S.Ct. at 2554; Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

In the case at bar, Jackson raised his claims as to

sufficiency of the evidence for armed robbery and felon in possession of a firearm on direct appeal. See State v. Jackson, 09-45 (La. App. 3d Cir. 10/7/09), 19 So.3d 631, aff'd in part, rev'd in part, 2009-K-2406 (La. 1/19/11), 55 So.3d 767. Jackson raised his claims as to ineffective assistance of counsel and prosecutorial misconduct (knowing use of false testimony) in his application for post-conviction relief in all courts (Doc. 24, pp. 355, 413).

However, Jackson did not exhaust grounds 3 and 6, his claims that it was error patent to try Jackson in a bench trial without a contemporaneous record setting forth an articulated appraisal of his right to a jury trial followed by a knowing and intelligent waiver by Jackson, and that his right to due process was violated when his application for post-conviction relief was denied without a hearing by both the trial court and the court of appeal. Also, as noted by the Louisiana Supreme Court, Jackson failed to raise his claim as to the timeliness of his motion for new trial in that court. See Jackson, 55 So.3d at 771 n.2.

Accordingly, Jackson has not exhausted all of his claims in the state courts.

A U. S. District Court is authorized to dismiss a federal habeas corpus petition which reveals either on its face or upon review of the record that the requirement of exhaustion of state remedies has not been satisfied. 28 U.S.C. § 2254, Rule 4;

Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984). Also, Coleman, 111 S.Ct. at 2554. A federal district court should dismiss a "mixed petition," which contains both exhausted and unexhausted claims, leaving the petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court. Rose, 455 U.S. at 510, 102 S.Ct. at 1205. Also, Williams v. Maggio, 727 F.2d 1387, 1389 (5th Cir. 1984).

However, when a petitioner has failed to exhaust all of his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275 (2005). Stay and abeyance should only be available in limited circumstances. Rhines, 544 U.S. at 277. Under Rhines, a stay and abeyance is appropriate when the district court finds (1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional delay. Rhines, 544 U.S. at 277-78, 125 S.Ct. 1528. See Schillereff v. Quarterman, 304 Fed. Appx. 310, 314 (5th Cir. 2008)

It is clear that Jackson has not exhausted all of his state remedies as to all of the claims raised in his habeas petition. Moreover, Jackson has not filed a motion to stay his federal court

proceedings or shown that a stay and abeyance should be granted in his case. Accordingly, Jackson's petition for habeas relief should be dismissed without prejudice as a "mixed petition" for failure to exhaust his state court remedies as to some of the claims being made in this Court.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jackson's petition for habeas corpus relief should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by**

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the ____ day of January 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE