U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 5 2016

TONY R. MOORE  CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT                    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD C. JACKSON | CIVIL ACTION NO. 1:14-CV-00396 |
| VERSUS | JUDGE TRIMBLE |
| N. BURL CAIN, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

---

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Edward C. Jackson ("Jackson") on January 13, 2014 (Docs. 1, 6), and amended on April 28, 2015 (Doc. 50).  Jackson is attacking his 2006 convictions by a judge in the Louisiana Ninth Judicial District Court in Rapides Parish, on one count of armed robbery and one count of felon in possession of a firearm (Doc. 21, p. 26/50, pp. 14-15/28).  Jackson is serving a ninety-nine year sentence as a fourth-felony offender (Doc. 23, p. 295) and is presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.

Jackson's original petition contained both exhausted and unexhausted claims (Docs. 38, 43).  Jackson's motion to have only his exhausted claims considered (Doc. 44) was granted, grounds 3 and 6 from Jackson's original petition were dismissed (Doc. 49), and Jackson filed an amended petition (Doc. 50) which is now before the Court for disposition.

Jackson raises the following grounds for relief in his amended habeas petition

(Doc. 50):

> 1. Jackson's Sixth and Fourteenth Amendment rights were violated when the prosecutor knowingly allowed perjured testimony from Williams to go uncorrected.
>
> 2. Jackson had ineffective assistance of counsel when counsel failed to ensure that Jackson received a fair trial.  Specifically, trial counsel failed to: (1) interview Williams concerning the alleged robbery, which would have revealed Jackson did not rob Williams, (2) perform a criminal history check of Williams that would have revealed Williams had a lengthy criminal history; and (3) investigate Williams's mental history, which would have revealed Williams had been diagnosed with schizophrenia.
>
> 3. The trial judge erred in failing to consider Jackson's motion for new trial due to its untimeliness.
>
> 4. The evidence was insufficient to convict Jackson of either armed robbery or possession of a firearm by a convicted felon.

The Respondent answered Jackson's amended petition (Doc. 59).  Jackson's

amended petition is now before the Court for disposition.

<u>Facts</u>

The facts of this case, as set forth by the Louisiana Supreme Court at <u>State v.</u>

<u>Jackson</u>, 2009-2406 (La. 1/19/11), 55 So.3d 767, 769-770, are as follows:

> The evidence at trial established that on the afternoon of November 18, 2005, Alexandria police officers Danny Davis and Keith Mouliere responded to the report of an armed robbery occurring at the Crown Hotel located on McArthur Drive in Alexandria. The hotel had become an enclave for evacuees from New Orleans following Hurricane Katrina. Defendant and Kenneth Williams were among the evacuees and had rented separate rooms at the hotel. They knew each other only in passing and from one occasion on which defendant, a licensed barber, had cut Williams's hair, leading to an unpaid debt of some $10 or less. The officers approached Room 511 of the hotel and defendant met them at the door. Before the officers could give him his <u>Miranda</u> rights,

2

defendant volunteered, "Man, that guy owed me nine dollars," referring to the prior haircut, and explained that "the reason he had taken the money from the victim was because that the victim had owed him money for a haircut." Officer Davis recalled that defendant appeared "very communicative ... polite, actually." After receiving his <u>Miranda</u> rights, defendant signed a consent form authorizing the search of his hotel room. When the officers went inside, Davis observed a small barbeque pit in the room and pulled off its hood. He found a box of .32 caliber shells lying on the grill. At that point, defendant, who had originally denied using a gun to collect on his debt, told the officers that they could find a gun in the dresser. According to Officer Mouliere, once they retrieved the handgun from a dresser drawer, defendant hung his head and stated, "Look, that guy owed me nine dollars. Well, he gave me nine dollars, and I know I wasn't going to get paid, so I took his money.... I took my pistol, and I got my money."

The victim, Keith Williams, who was at the time of trial confined in the parish prison on a parole violation for one of his three prior felony convictions, readily acknowledged that he had owed defendant for a haircut and had sought him out that afternoon to make good on his debt. However, Williams claimed that he had considerably more cash than $10 in his pocket, testifying that he had just received $300 in FEMA money when he approached defendant's room in the hotel. "I went to pull the money out and pay him," Williams testified, "and he ... pulled a gun out and told me to get the hell on and don't come back around there." Williams testified that he left, but defendant "took my money." Williams went back to his room, and told a friend what had happened. His friend then called the desk clerk who in turn called the police.

<u>Rule 8(a) Resolution</u>

The Court is able to resolve this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to the petitioner's claims, and the state court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition.  See <u>Moya v. Estelle</u>, 696 F.2d 329, 332-33 (5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

3

Law and Analysis

Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Therefore, pure questions of law and mixed questions of law and fact are reviewed under § 2254 (d)(1), and questions of fact are reviewed under § 2254(d)(2).  See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885 (2001).

Prosecutorial Misconduct

Jackson contends his Sixth and Fourteenth Amendment rights were violated when the prosecutor knowingly allowed Williams to give perjured testimony at trial.

The Due Process Clause of the Fourteenth Amendment forbids the State from knowingly using perjured testimony.  See Beltran v. Cockrell, 294 F.3d 730, 736 (5th

4

Cir. 2002) (citing <u>Napue v. Illinois</u>, 360 U.S. 264, 270 (1959)).  The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.   Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.   Prosecutorial misbehavior, alone, does not constitute a wrong of constitutional dimension and does not require a new trial.  <u>See</u> <u>Smith v.</u> <u>Phillips</u>, 455 U.S. 209 (1982).

In order for an allegation of perjured testimony to constitute a due process violation, a petitioner must show that the prosecution knowingly presented materially false evidence to the jury.  <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 531 (5th Cir. 1990) (citing <u>United States v. Martinez-Mercado</u>, 888 F.2d 1484, 1492 (5th Cir. 1989)).  Even in cases of egregious prosecutorial misconduct, such as the knowing use of perjured testimony, a new trial is required only when the tainted evidence was material to the case.   The materiality requirement implicitly recognizes that the misconduct's effect on the trial, not the blameworthiness of the prosecutor, is the crucial inquiry for due process purposes.  <u>Smith</u>, 455 U.S. at 220 n.10.

This is a dispute over a haircut Jackson gave Williams, for which Williams did not pay in full when the service was rendered.  Williams owed Jackson $8.00 or $9.00. Jackson contends that Williams's statement to the police was different from his trial testimony, with regard to whether Jackson was armed.  Jackson argues that Williams committed perjury at trial and that the prosecutor knowingly allowed him to do so.

First, Jackson misapprehends the contents of the police report.   Jackson contends the police report states that Williams told the police he went to Jackson's room and gave Jackson $8.00, then Jackson ordered him to leave and never return. However, that is not what the police report states.

The police report states that Williams told the police Jackson pulled a gun on him and demanded all of his money, so Williams gave Jackson $300, not $8.

Williams's trial testimony is essentially the same as his statement to the police (Doc. 6, Ex. A-1).  At trial, Williams testified that he went to Jackson to give him the money he owed for the haircut, but when Williams began to pull the money out, Jackson pulled out a gun, took all of Williams' money ($300) and told Williams to leave and not return (Doc. 6, Ex. A2-A3).

Therefore, Williams's statement to the police and his trial testimony were essentially the same.  Since Jackson has not shown that Williams gave material false testimony at trial, he has not carried his burden of proving prosecutorial misconduct.

This ground for relief is meritless.

Ground 2 - Ineffective Assistance of Counsel

Next, Jackson contends he had ineffective assistance of counsel when counsel failed to ensure that Jackson received a fair trial.  Specifically, Jackson contends that trial counsel failed to: (1) interview Williams concerning the alleged robbery, which would have revealed Jackson did not rob Williams; (2) perform a criminal history check of Williams, which would have revealed Williams had a lengthy criminal

6

history; and (3) investigate Williams's mental history, which would have revealed Williams had been diagnosed with schizophrenia.

To prevail on a habeas complaint of ineffective assistance of counsel, a complainant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. To make that determination, Courts must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in the total setting. Courts may not assess any alleged error in isolation. See Jones v. Cain, 227 F.3d 228, 230 (5th Cir. 2000).

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. See Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993) (citing Strickland, 466 U.S. at 691). A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. Bare allegations do not suffice. See Nelson, 989 F.2d at 850 (citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)).

First, Jackson contends his trial counsel failed to interview Williams concerning the robbery. Jackson contends that, had his attorney investigated Williams, he would have gotten a statement or affidavit that would have shown that

7

Jackson did not rob Williams. However, the police report shows that Williams reported to the police that Jackson robbed him of $300 at gunpoint. Jackson has not alleged or shown that Williams ever gave a statement, an affidavit, or testimony that was favorable to him, and the evidence does not indicate that Williams would have done so had his trial counsel interviewed him. Jackson's speculation as to what Williams might have said in an interview is not enough to prove his attorney's investigation was inadequate.

Second, Jackson contends his attorney failed to investigate Williams's criminal history. However, Williams testified as to his convictions for burglary and felon in possession of a firearm, and the fact that he was on work release for a parole violation at the time of the robbery (Doc. 21-3, p. 9/28). Jackson's attorney also cross-examined Williams about his auto theft charge and his conviction for illegal possession of a stolen thing, indicating there was some investigation into Williams' criminal history (Doc. 21-3, p. 10/28). In any event, Jackson's criminal history would not have made a difference in the outcome of Jackson's trial. When Jackson admitted to the police that he used a gun to take money from Williams, he confessed to having committed an armed robbery. Therefore, Williams's criminal history would not have changed the fact that Jackson was guilty of armed robbery and being a felon in possession of a firearm. Jackson did not have ineffective assistance of counsel in this respect.

Finally, Jackson contends his attorney failed to investigate Williams' mental history, which would have revealed Williams had been diagnosed with schizophrenia. Since Jackson admitted to the police that he took money from Williams at gunpoint,

evidence as to Williams's mental condition would not have made any difference to the outcome of Jackson's trial.  Jackson did not have ineffective assistance of counsel.

This ground for habeas relief is meritless.

Ground 3 – Motion for New Trial

Jackson next contends the trial judge erred in failing to consider Jackson's motion for new trial due to its untimeliness.

A federal court will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.  See Cook v. Morrill, 783 F.2d 593, 596 (5th Cir. 1986).   A federal habeas court does not sit as a "super" state supreme court in such a proceeding to review errors under state law.  See Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir.1991) (citing Martin v. Wainwright, 428 F.2d 356, 357 (5th Cir. 1970), cert. denied, 400 U.S. 918 (1970)).   The timeliness of Jackson's motion for a new trial under state law does not present a constitutional issue cognizable under § 2254 and is not properly before this Court.

Ground 4 – Sufficiency of the Evidence

Jackson contends the evidence was insufficient to convict him of either armed robbery or possession of a firearm by a convicted felon.

1. Armed Robbery

To convict a defendant of armed robbery in Louisiana, the State is required to prove: (1) a taking, (2) of anything of value, (3) from a person or in the immediate control of another, (4) by the use of force or intimidation, (5) while armed with a dangerous weapon.  See La. R.S. 14:64; State v. Williams, 04-697 (5th Cir. 11/30/04),

889 So.2d 1135, 1139, writ den., 2005-0395 (La. 5/13/05), 902 So.2d 1017. A dangerous weapon is any instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm. See La. R.S. 14:2(3); see also State v. Hampton, 38,017 (La. App. 2d Cir. 1/28/04), 865 So.2d 284, 291, writ den., 2004-0834 (La. 3/11/05), 896 So.2d 57.

If property is taken from the victim's presence by intimidation with a dangerous weapon, it is sufficient to sustain a conviction for armed robbery. When a defendant creates an atmosphere of intimidation, prompting the victim to reasonably react with fear for his life, an armed robbery conviction is justified. The act of pointing a gun at a victim is sufficient to prove the element of force or intimidation. Further, no verbal threat is required to prove the element of force or intimidation. See State v. Billard, 03-319 (La. App. 5th Cir. 7/29/03), 852 So.2d 1069, 1073, writ den, 2003-2437 (La. 2/6/04), 865 So.2d 739.

The officers who searched Jackson's room found a gun in his dresser drawer (Doc. 22, p. 7/30). Officer Danny Davis testified that, after Jackson was advised of his rights, Jackson told the police that he had taken money from the victim because the victim owed him money for a haircut and refused to pay (Doc. 21-1, p. 47/50). Officer Davis testified that ammunition was found in the barbecue pit inside Jackson's room (Doc. 21-2, pp. 3-4/28). Officer Davis further testified that, after the ammunition was found, Jackson told the police where he kept a gun in his dresser drawer (Doc. 21-2, p. 4/28). Officer Davis testified that Jackson admitted it was the

gun he had used to take money from Williams, and that he had done so because the victim owed him money for a haircut (Doc. 21/2, p. 7/28).

Officer Keith Mouliere testified that Jackson told him Williams owed him nine dollars, so Jackson took his money from Williams (Doc.21-2, p. 23/28). Officer Mouliere testified that Jackson's room was then searched and his gun and ammunition were found (Doc. 21-2, p.25/28). Officer Mouliere testified that, after Jackson's gun was found, he told the officers that Williams owed him nine dollars, so he took his gun and got his money from Williams (Doc. 21-2, p. 25/28).

The victim, Kenneth Williams, testified that he owed Jackson eight dollars, so he looked for Jackson in his room at the Crown Hotel[1] and did not find him, but ran into Jackson by another room (Doc. 21-3, p. 7/28). Williams testified that he "went to pull the money out and pay him" and Jackson pulled out a gun, took $300, and told Williams to "get the hell on and don't come back around there" (Doc. 21-3, pp. 7-8, 16/28).

The evidence showed that Jackson took money from Williams at gunpoint.[2] Therefore, there was sufficient evidence to support Jackson's conviction for armed robbery.

---

[1] Jackson and Williams were both Hurricane Katrina evacuees from New Orleans who were staying at the Crown Hotel in Alexandria (Doc. 21-3, p. 7/28).

[2] As stated by the Supreme Court in its opinion in this case, it does not matter whether the dispute took place over $8.00 or $300 since either amount was "something of value" for purposes of the armed robbery statute, La.R.S. 14:64. Jackson admitted he took money from Williams by force of arm, Williams testified that he did, and the police found Jackson's gun. That is all that was needed to prove he committed armed robbery. "Resort to armed self-help on a claim of right to payment of a debt offers no defense or justification" and is an armed robbery. See Jackson, 55 So.3d at 772.

## 2.  Felon in Possession of a Firearm

The evidence also showed that Jackson was a felon in possession of a firearm. To support a Louisiana conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. See La.R.S. 14:95.2; State v. Husband, 437 So. 2d 269, 271 (La. 1983).  See also State v. Day, 410 So.2d 741 (La. 1982).  General intent is all that is required, and it may be proved through either the actual or constructive possession of a firearm. See State v. Johnson, 2003-1228 (La. 2004), 870 So.2d 995, 998.

As set forth above, the trial evidence (the gun and ammunition found in Jackson's room, his statement to the police, and Williams's testimony) showed that Jackson actually possessed a gun and ammunition, which proved his possession of a firearm and his general intent to do so.

The trial evidence also showed—and defense counsel stipulated—that Jackson had prior felony convictions for: (1) possession of a controlled dangerous substance in 1988 (2½ year sentence) (Doc. 21-3, p. 20/28); (2) possession of a firearm in 1989 (four year sentence) (Doc. 21-3, p. 17/28); and (3) possession of cocaine in January 1999 (three year sentence) (Doc. 21-3, p. 17/28).  The evidence also showed that the ten-year cleansing period was further interrupted by his 2006 conviction for possession of a firearm in 2005, which is at issue herein (Doc. 21-3, pp. 17-18/28).   Therefore,

the State proved Jackson's previous felony conviction and the absence of the ten-year limitation period.

There was sufficient evidence to support Jackson's conviction for the offense of possession of a firearm by a convicted felon.

<u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Jackson's § 2254 petition for writ of habeas corpus be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except

upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 5 day of April 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge