b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD C. JACKSON | CIVIL ACTION NO. 1:14-CV-00396 |
| VERSUS | JUDGE DRELL |
| N. BURL CAIN, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This case was remanded by the United States Court of Appeals for the Fifth Circuit for consideration of a post-trial affidavit from the victim, Kenneth Williams ("Williams"), submitted by Petitioner Edward Jackson ("Jackson"). Because Williams's post-trial affidavit does not indicate or show there was prosecutorial misconduct or that Jackson had ineffective assistance of trial counsel, Jackson's habeas petition should be DENIED.

I. Background

In 2006, after a bench trial, Jackson was convicted of armed robbery and being a felon in possession of a firearm, adjudicated as a fourth felony offender,[1] and sentenced to a total of 99 years.

Jackson initially presented Williams's 2008 affidavit[2] to the state courts in a Motion for New Trial (Doc. 22, pp. 39, 44). Jackson's Motion for New Trial was denied

---

[1] At trial, the State showed that Jackson had six prior felony convictions, two of which were for possession of a firearm by a convicted felon (Doc. 21, pp. 135-36).

[2] In the 2008 affidavit purportedly signed by Williams, Williams states that his 2006 trial testimony that Jackson committed an armed robbery of him was entirely false and that his

as untimely by the trial court (Doc. 2, p. 41).  On direct appeal, both the Louisiana Court of Appeal for the Third Circuit and the Louisiana Supreme Court affirmed the denial of the motion for new trial on the ground that it was untimely.  (Doc. 23-2, 24-3).  See State v. Jackson, 09-45 (La. App. 3d Cir. 10/7/09), 19 So.3d 631, reversed, 2009-2406 (La. 1/19/11), 55 So. 3d 767.  The Supreme Court noted that Jackson had not sought review of courts' denial of his motion for new trial on the basis of any grounds other than its untimeliness.  See Jackson, 55 So. 3d at 770, n.2.

Also on direct appeal, the Court of Appeal reversed the armed robbery conviction, finding the evidence was unclear as to whether Jackson took $300 or only $9.00 from Williams.  See State v. Jackson, 09-45 (La. App. 3d Cir. 10/7/09), 19 So.3d 631, reversed, 2009-2406 (La. 1/19/11), 55 So. 3d 767.  The Supreme Court reversed the Court of Appeal and reinstated the armed robbery conviction (and habitual offender sentence), holding that regardless of the amount taken, Jackson admitted pointing a gun at Williams and demanding payment for the haircut he had given him.  See Jackson, 55 So. 3d at 772-73.

Jackson next presented Williams's 2008 affidavit to the state courts in his application for post-conviction relief ("PCR") (Docs. 24-25).  The district court summarily denied PCR.  (Doc. 24, p. 96).  The Court of Appeal affirmed the denial of PCR for ineffective assistance of counsel, stating Jackson had admitted to the police that he had used a gun to collect money from Williams.  (Doc. 25, p. 66).  The

---

schizophrenia often causes him to do things he later regrets.  Williams further states that, after he filed the complaint against Jackson, he was afraid to retract it.  (Doc. 50-1).

2

Louisiana Supreme Court summarily denied PCR. (Doc. 25, p. 86). Those rulings did not mention the victim's 2008 affidavit, although they appear to have considered it.

Jackson then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court (Doc. 50). Jackson claims in part, based on the affidavit, that the prosecutor "knowingly" presented false testimony at trial, and that he had ineffective assistance of counsel because his attorney failed to interview the victim prior to trial and "obtain" Williams's affidavit or statement showing Jackson had not committed armed robbery.

This Court denied Jackson's petition. On appeal, the Fifth Circuit remanded the case to this Court for consideration of how Williams's 2008 affidavit affects Jackson's claims of prosecutorial misconduct and ineffective assistance of counsel. The Fifth Circuit stated it was unable to properly determine Jackson's appeal without that analysis.

## II.   Law and Analysis.

### A.   Jackson has not shown there was prosecutorial misconduct.

Jackson contends the prosecutor knowingly presented false testimony from Williams at trial. Jackson appears to contend that Williams's 2008 affidavit recanting his trial testimony proves the prosecutor engaged in misconduct.[3]

---

[3] The Fifth Circuit has stated many times: "This court views recanting affidavits with extreme suspicion." Komolafe v. Quarterman, 246 Fed. Appx. 270, 272 (5th Cir. 2007), cert. den., 552 U.S. 1168 (2008) (citing Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir.1996), cert. den., 519 U.S. 1012 (1996) ("[R]ecanting affidavits and witnesses are viewed with extreme suspicion by the courts.")); see also May v. Collins, 955 F.3d 299, 314 (5th Cir. 1992), cert. den., 504 U.S. 901 (1992); Baldree v. Johnson, 99 F.3d 659, 663 (5th Cir. 1996), cert. den., 520 U.S. 1194 (1997) ("[A]ffidavits which recant witnesses' trial testimony are viewed with extreme suspicion by the courts."); Graves v. Cockrell, 351 F.3d 143, 153 (5th Cir. 2003), cert.

The Due Process Clause of the Fourteenth Amendment forbids the State from knowingly using perjured testimony. See Beltran v. Cockrell, 294 F.3d 730, 736 (5th Cir. 2002) (citing Napue v. Illinois, 360 U.S. 264, 270 (1959)). In order for an allegation of perjured testimony to constitute a due process violation, a petitioner must show that the prosecution knowingly presented materially false evidence to the jury. See Koch v. Puckett, 907 F.2d 524, 531 (5th Cir. 1990) (citing United States v. Martinez-Mercado, 888 F.2d 1484, 1492 (5th Cir. 1989)).

Williams's 2008 affidavit does not show the prosecutor knowingly allowed Williams to testify falsely at the 2006 trial. In fact, the affidavit tends to show the prosecutor did not know Williams's trial testimony was (allegedly) false because Williams states in it: "Once I filed the complaint against Mr. Jackson, I feared to stand up and say he did not take the money from me." (Doc. 50-1.) Thus, even if the Court were to assume the statements set forth in the affidavit are true, Jackson would still have not shown the prosecutor knew at the time of trial that Williams's testimony at trial was false. The affidavit does not show the prosecutor "knowingly" presented false testimony at trial.

Therefore, Jackson has not carried his burden of proving prosecutorial misconduct.

---

den., 549 U.S. 943 (2006). The U.S. Supreme Court has stated that post-trial affidavits are disfavored because the affiant's statement is obtained without the benefit of cross-examination and an opportunity to make credibility determinations. See Herrera v. Collins, 506 U.S. 390, 417 (1993).

### B. Jackson did not have ineffective assistance of trial counsel.

Jackson contends his attorney was ineffective for failing to "interview" Williams before trial and obtain a statement or affidavit from Williams to show his complaint that Jackson had robbed him was false.

To prevail on a habeas complaint of ineffective assistance of counsel, a complainant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. See Jones v. Cain, 227 F.3d 228, 230 (5th Cir. 2000).

Since Williams's affidavit is dated June 19, 2008, defense counsel could not have "discovered" it and used it to impeach Williams at Jackson's 2006 trial. Moreover, a criminal defendant is not entitled to interview the state's witnesses before trial. See State v. Robertson, 2013-1262 (La. App. 1st Cir. 9/9/13), 134 So.3d 610, 611. The Louisiana Supreme Court has held that, even in extraordinary circumstances, witnesses should only be "made available" to the defense if the trial court, after conducting an *in camera* interview, finds they possess exculpatory information. See State v. Harper, 2010-0356 (La. 11/30/10, 10–11), 53 So.3d 1263, 1271 (citing State v. Golden, 95–0288 (La. 2/17/95), 650 So.2d 237, 238). Therefore, Jackson's attorney could not have "interviewed" Williams before trial.

Even if, somehow, Jackson's attorney had managed to arrange to interview Williams before trial, it is pure speculation to say defense counsel "could have" or "would have" turned up a statement or affidavit from Williams that would have proven Jackson's innocence. Williams's testimony against Jackson at trial, and the testimony of the two officers who found Jackson's gun and ammunition in his hotel room and heard his verbal admissions that he had committed both offenses,[4] renders such an outcome extremely unlikely.

Since Jackson has not shown his counsel erred in any respect, he has not carried his burden of proving he had ineffective assistance of counsel.

## III. Conclusion

Because Jackson has not carried his burden of proving he is entitled to habeas relief, IT IS RECOMMENDED that Jackson's § 2254 habeas petition be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required

---

[4] Williams testified at trial that Jackson took money from him at gunpoint. (Doc. 21, pp. 86, 87, 95). Officer Mouliere and Detective Davis both testified that Jackson admitted to them he had taken money from Williams at gunpoint. (Doc. 21, pp. 48, 57, 76).

nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge

7